IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



FILED
AUG 15 2013
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| DONALD LYNN ALLRED, | Cause No. CV 13-160-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, OFFICE OF PUBLIC DEFENDERS, ED CORRIGAN, BRENT GETTY, and VICKI FRAZIER, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Donald Allred's Motion to Proceed in Forma Pauperis (Dkt. 1) and proposed Complaint. (Dkt. 2). After conducting the prescreening process mandated by 28 U.S.C. § 1915, the Court finds that Allred has not named a proper defendant and the Court must abstain from adjudicating his claims pursuant to the *Younger* doctrine.

I. **Motion to Proceed in Forma Pauperis**

Allred submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Although Allred did not submit an account statement as required by 28 U.S.C. § 1915, the request to proceed in forma pauperis will be

1

granted. Because Allred is currently incarcerated, he must still pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Allred has not submitted an account statement, therefore, it is not possible to determine an appropriate initial filing fee. That fee will be deferred. Allred will be required to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Allred to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statement of Case

### A. Parties

Allred is proceeding without counsel. He names the State of Montana, the Office of the State Public Defenders, public defender Brent Getty, public defender Vicki Frazier, and County Attorney Ed Corrigan as Defendants.

### B. Factual Allegations

Allred alleges that Defendant Brent Getty was appointed to represent him in a case that he believed was dismissed from 2002. Mr. Getty was appointed on October 12, 2012 and failed to address issues in Allred's defense, failed to file any

motions, failed to provide Allred with information, failed to keep Allred notified of the status of his case causing him to miss a jury trial, and failed to prepare for a jury trial.

Allred alleges Vicki Frazier did not appear for his first court appearance, ignored evidence stating he missed a jury trial that belonged to someone else, failed to meet with him for about 48 days to discuss important facts about his case, and has not provided or even filed for discovery in his case.

Allred contends Ed Corrigan, Flathead County Attorney, imprisoned him for a debt without a strong presumption of fraud depriving him of his liberty. He alleges Corrigan's information is based on incompetent and insufficient evidence and there is no rationally persuasive evidence submitted in support of the alleged offense.

### III. Screening per 28 U.S.C. § 1915a

As Allred is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A which allow for the dismissal of a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to

4

pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## IV. Analysis

### A. Defendants

The State of Montana and the Office of the State Public Defenders (a state agency) are protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. U.S. Const. Amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment does not bar suits for prospective declaratory relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Allred has not named a state official in his or her official capacity but regardless, as set forth below, all claims for declaratory or injunctive relief must be dismissed without prejudice pursuant to *Younger*.

Ed Corrigan is entitled to prosecutorial immunity regarding his actions in prosecuting Allred. Prosecutors are absolutely immune from suit for actions taken by them in performing the traditional functions of a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).

5

Lastly, Mr. Getty and Ms. Frazier are not proper defendants in a § 1983 action since they are not state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Ninth Circuit Court of Appeals has held that by virtue of the Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312 (1981), public defenders are not state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

### B. Challenges to Criminal Proceedings

#### 1. Pending Criminal Proceedings

In addition, Allred is challenging ongoing criminal proceedings. Any such challenge is barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). As set forth in *Younger*, there is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or

6

declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)).

Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

*Younger* abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995); *Martinez*, 125 F.3d at 781; *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, Allred is asking for his liberty to be returned to him, therefore, he is seeking injunctive relief in his ongoing state criminal proceedings. These proceedings revolve around important state interests to enforce the local and state laws, and Allred has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Accordingly, all three prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Mr. Allred's federal due process claims for injunctive and declaratory relief under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). Accordingly, all claims for injunctive relief regarding Allred's pending criminal case will be recommended for dismissal without prejudice.

Where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Gilbertson,* 381 F.3d at 981-982; *see also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009). But, as set forth above, Allred has not named a proper defendant with

8

regard to any such claim and since he is seeking damages regarding his criminal prosecution, it is unlikely that he can amend to name a proper defendant.

Moreover, claims for monetary relief that are either untimely or meritless on the pleadings need not be stayed. *Equity Lifestyle Props., Inc. v. County of San Juis Obispo*, 548 F.3d 1184, 1196 n. 23 (9th Cir. 2008). Any federal claims Allred may have regarding his ongoing criminal prosecution have not yet accrued. Allred has no complete cause of action for malicious prosecution under § 1983 unless and until his criminal proceedings are dismissed or overturned. *Heck v. Humphrey*, 512 U.S. 477 (1994).

## V. Conclusion

Allred has not named a proper defendant and the Court must abstain from adjudicating claims regarding a pending criminal action. These are not defects which could be cured by amendment. The Complaint should be dismissed without prejudice.

### Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the
district-court action, or who was determined to be financially unable
to obtain an adequate defense in a criminal case, may proceed on
appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Allred's claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Allred shall immediately advise the Court of any change of address and its effective date. Failure to file a

10

notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Allred's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 6, 2013.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed without prejudice. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Allred may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Allred files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Allred from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to

appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of August, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge